**John H. & Holly K. MINER,
Petitioner–Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 00–70625.

Tax Court No. 21663–96.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2001.

Decided Nov. 7, 2001.

---

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

This case, an appeal from the Tax Court, concerns the proper income tax treatment of proceeds from the sale of stock by Leonard Jasiak to Appellants Holly and John Miner. Miner and Jasiak were the sole shareholders of Cost Less Auto Parts, Inc. ("Cost Less"), a Subchapter S corporation. Both participated in the management of the corporation and each owned 50% of the stock of the corporation.

Jasiak decided to retire in 1986 and sold his stock to Cost Less for $175,000, $50,000 paid at closing and the balance by a promissory note. The agreement did not contain a covenant not to compete; it stated that it was to be governed by Arizona law; and it contained a merger clause.

Despite the agreement's failure to contain a written covenant not to compete by Jasiak, Appellants Holly and John Miner amortized the entire $175,000 purchase price over a seven-year period on the basis that it constituted the amount paid to obtain Jasiak's oral promise not to compete.

This case involves the alleged deficiencies arising from the taxable years 1988, 1989, and 1991, in the amounts of $13,717, $8,428, and $14,586, respectively, each arising from the Miners' efforts to amortize a portion of the $175,000 paid to Jasiak. To repeat, at no time was there a written agreement between Jasiak and the Miners apportioning any part of the purchase price to a covenant not to compete by Jasiak.

Following cross-motions for summary judgement, the Tax Court held that there was "no credible evidence that the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

parties intended to allocate any of the $175,000 to Jasiak's promise not to compete." Thus, it held, "Cost Less may not amortize any amount for Jasiak's oral promise not to compete because the parties did not allocate or intend to allocate any amount to it." Tax Court Opinion at 10–12.

The Tax Court's factual findings support this conclusion. These include: (1) the absence of any specific apportionment of the purchase price to the oral covenant not to compete; (2) the absence of any covenant not to compete in the written agreement; (3) the unconvincing nature of attempts by the taxpayer to establish a book value of Jasiak's stock at $10,000 and the balance of the purchase price to good will and the oral covenant; and, (4) Miner's own testimony that there was no allocation of a portion of the purchase price to goodwill.

The record supports these factual findings. Moreover, the Tax Court's finding that Jasiak's testimony was more credible than Miner's is entitled to strong deference. It is not clearly erroneous. It follows that the stock purchase agreement does not provide a proper basis for the allocation of any portion of the purchase price to the covenant not to compete. Where a stock purchase agreement is silent as to allocation of a specific percentage of the purchase price to a covenant not to compete, a buyer can amortize a portion of the purchase price if the parties *"intend[ed]* to allocate a portion of the purchase price to the covenant not to compete." *See Annabelle Candy Co. v. C.I.R.,* 314 F.2d 1, 8 (9th Cir.1962) (emphasis original). The Tax Court's denial of a deduction by Appellants of any portion of

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

the purchase price of Jasiak's stock was therefore proper.

**AFFIRMED.**